NOT RECOMMENDED FOR PUBLICATION
File Name: 20a0547n.06

No. 19-6283

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

FILED
Sep 23, 2020
DEBORAH S. HUNT, Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | ON APPEAL FROM THE |
| | ) | UNITED STATES DISTRICT |
| DWAYNE DAVONTE CANADA, | ) | COURT FOR THE EASTERN |
| | ) | DISTRICT OF KENTUCKY |
| Defendant-Appellant. | ) | |
| | ) | |

Before: GUY, CLAY, and KETHLEDGE, Circuit Judges.

KETHLEDGE, Circuit Judge. Dwayne Canada entered a conditional guilty plea for possession of a mixture containing a fentanyl analogue and heroin with intent to distribute, in violation of 21 U.S.C. § 841(a)(1). He now argues that the police detained him unlawfully and that the district court should have suppressed evidence obtained as a result of that detention. We reject Canada's arguments and affirm.

In August 2018, Laurel County police sergeant Chris Edwards was conducting surveillance at a bus station in London, Kentucky. He observed a car parked at the edge of the parking lot and saw that the car's only occupant, a male in the driver's seat, often looked around and frequently talked into a cell phone. A bus then arrived. Most passengers disembarked and began walking towards the bus station entrance, but one walked instead to the parked car and entered on the passenger side. Soon the car drove off and turned north onto I-75. Edwards followed and observed

the car straddling the fog line along the shoulder. He suspected a DUI and stopped the car around 9:57 a.m.

The driver's documentation identified him as Danny Johnson, but the passenger said he had no identification. Edwards directed Johnson out of the car for questioning, during which Johnson identified his passenger as "Chris" and said they were travelling to Crab Orchard, Kentucky. Edwards next questioned the passenger, who identified himself as Dwayne Canada and said the pair were traveling to Lexington, Kentucky. Edwards asked Canada why Johnson had identified him as Chris; Canada said he was sometimes referred to by that name. Edwards asked why Canada would go to Lexington after the bus had already stopped there before arriving in London; Canada offered no response. When Edwards followed up with Johnson, he denied that the pair were going to Lexington. Edwards then asked to search the car, and Johnson consented.

That search revealed nothing, but during it Detective Daniel Grigsby arrived with a drug-sniffing dog. The dog alerted on the passenger door. The officers opened that door and the dog put its nose on the passenger seat where Canada had been sitting. Officers again searched the car and found no drugs. They also searched Canada's person, however, and found a bag of drugs in his underwear. A crime lab later determined that the bag contained heroin and acetyl fentanyl.

The government thereafter charged Canada with possession of a mixture containing heroin and a fentanyl analogue with intent to distribute. Canada moved to suppress the evidence found during the search. The district court held an evidentiary hearing at which Officer Edwards and Detective Grigsby testified. The court later denied the motion, and Canada pled guilty but reserved the right to appeal the denial of his motion to suppress. The district court sentenced Canada to 60 months' imprisonment. This appeal followed.

Canada challenges the district court's denial of his motion to suppress. We review the district court's legal conclusions de novo and its findings of fact for clear error, viewing the evidence in the light most favorable to the district court's decision. *See United States v. Collazo*, 818 F.3d 247, 253 (6th Cir. 2016).

An officer may extend a traffic stop beyond the time necessary to address the initial infraction if, during the stop, the officer develops a reasonable suspicion of criminal activity. *See Hernandez v. Boles*, 949 F.3d 251, 256 (6th Cir. 2020). "Reasonable suspicion requires specific and articulable facts, which, taken together with rational inferences from those facts, reasonably warrant the continued detention[.]" *United States v. Bell*, 555 F.3d 535, 540 (6th Cir. 2009).

The question here is whether Officer Edwards had reasonable suspicion to detain Johnson and Canada after they had answered Edwards's initial questions. Canada concedes that the initial questions themselves were lawful, but argues that the stop should have ended once Edwards determined that Johnson was sober. By that time, however, several circumstances supported the district court's determination of reasonable suspicion. First, as the district court found, Canada and Johnson gave conflicting answers about their destination on the drive. Nor could Canada explain why he was on his way to Lexington when his bus had already stopped there. Conflicting or implausible explanations of travel plans can support reasonable suspicion. *See United States v. Winters*, 782 F.3d 289, 299 (6th Cir. 2015). The pair likewise gave conflicting responses about Canada's name; and Canada himself lacked any identification, which can support a determination of reasonable suspicion. *See United States v. Shank*, 543 F.3d 309, 316 (6th Cir. 2008). Viewing the evidence in the light most favorable to the district court's decision, these circumstances gave rise to reasonable suspicion that criminal activity of some kind might be afoot. *See United States v. Lott*, 954 F.3d 919, 925 (6th Cir. 2020).

Canada also argues that officers lacked probable cause to search his person, notwithstanding that the drug-sniffing canine had just alerted upon his seat. But Canada also concedes that, in the district court, he did not contest Detective Grigsby's testimony that Grigsby searched Canada with his consent. Canada's challenge to the search of his person is therefore waived.

Finally, Canada argues that his trial counsel was ineffective precisely because counsel failed to dispute Canada's consent to the search of his person. But we typically do not adjudicate ineffective-assistance claims on direct appeal, leaving them instead for adjudication on a § 2255 motion, when the parties can develop the relevant record. *See United States v. Sullivan*, 431 F.3d 976, 986 (6th Cir. 2005). Canada gives us no reason to depart from that approach here.

The district court's judgment is affirmed.